15 CV 5869 (RWS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN L. PAULINO,

                              Plaintiff,

-against-

CORRECTION OFFICER TAYLOR, CAPTAIN STEVENS, DEPARTMENT OF CORRECTION COMMISSIONER JOSEPH PONTE, OBCC FACILITY WARDEN STUKES, and THE CITY OF NEW YORK,

                              Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE**

        ZACHARY W. CARTER
        Corporation Counsel of the City of New York
        *Attorney for Defendants City, Ponte, Stukes, Stevens, and Taylor*
        100 Church Street
        New York, N.Y. 10007

        *Of Counsel: Cherie N. Brown*
        *Tel: (212) 356-5054*
        *Matter No. 2015-042637*

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ............................................................................................... 1

**PROCEDURAL HISTORY** ..................................................................................................... 2

**ARGUMENT** ............................................................................................................................. 3

    **THE BALANCE OF ZANGANO FACTORS WEIGH IN FAVOR OF DENYING PLAINTIFF'S MOTION TO DISMISS** ................................................. 4

**CONCLUSION** ......................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ames v. Clifford*,
94 CV 6712, 1996 U.S. Dist. LEXIS 14565 (S.D.N.Y. Oct. 2, 1996)......................................9

*In re Bank of Am. Mortg. Servicing Shareholder Derivative Litig.*,
11 CV 2475, 2012 U.S. Dist. LEXIS 60458 (S.D.N.Y. Apr. 4 2012) ......................................7

*Camilli v. Grimes*,
436 F.3d 120 (2d. Cir. 2006).................................................................................................4, 5

*D'Alto v. Dahon California, Inc.*,
100 F.3d 281 (2d Cir. 1996)...................................................................................................5, 6

*Gap, Inc. v. Stone Int'l Trading*,
169 F.R.D. 584 (S.D.N.Y. 1997) ...............................................................................................10

*Johnson v. City of New York*
09 CV 4685, 2011 U.S. Dist. LEXIS 28167 (S.D.N.Y. Mar. 18, 2011)....................................9

*Kwan v. Schlein*,
634 F.3d 224 (2d Cir. 2011)......................................................................................................6

*Mercer Tool Corp. v. Friedr. Dick GmBH*,
175 F.R.D. 173 (E.D.N.Y. 1997) ............................................................................................5, 6

*Morris v. Eversley*
343 F. Supp. 2d 234 (S.D.N.Y. 2004).......................................................................................9

*SEC v. Compania Internacaional Financiera*
11 CV 4904, 2012 U.S. Dist LEXIS 71552 (S.D.N.Y. May 22, 2012) ....................................8

*Shaw Family Archives, Ltd. V. CMG Worldwide, Inc.*,
05 CV 3939 (CM), 2008 U.S. Dist. LEXIS 67474 (S.D.N.Y. Sept. 2, 2008) .......................6, 7

*Zangano v. Fordham Univ.*,
900 F.2d 12 (2d Cir. 1990).........................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 41(a)(2).................................................................................................................5, 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JONATHAN L. PAULINO,

                                                    Plaintiff,

                  -against-                                 15 CV 5869 (RWS)

CORRECTION OFFICER TAYLOR, CAPTAIN STEVENS,
DEPARTMENT OF CORRECTION COMMISSIONER
JOSEPH PONTE, OBCC FACILITY WARDEN STUKES,
and THE CITY OF NEW YORK,

                                                   Defendants.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

        Plaintiff Jonathan Paulino, who is also known as Sophie Paulino-Cadle, originally brought this action *pro se* while incarcerated at Rikers Island against Defendants Correction Officer Taylor, Captain Stevens, Department of Correction Commissioner Ponte, OBCC Facility Warden Stukes, and the City of New York (collectively "Defendants"), pursuant to 42 U.S.C. § 1983, alleging, *inter alia* that on or about July 11, 2015, she assaulted by Correction Officer Taylor, and that Captain Stevens failed to provide her with the medical attention she requested. (Amended Complaint, annexed to the Declaration of Cherie N. Brown [hereinafter "Brown Decl.", as "Exhibit B"). Plaintiff, who has since been released and obtained counsel, now moves to dismiss this action without prejudice so that she can re-file this action and not be subject to the Prisoner Litigation Reform Act (hereinafter "PLRA"). Defendants respectfully submit that Plaintiff's Motion to Dismiss this action without prejudice should be denied on the grounds that dismissal without prejudice will prejudice Defendants who have been actively litigating this case since September 2015. Defendants do not oppose dismissal of this action with prejudice, however.

## PROCEDURAL HISTORY

Plaintiff Jonathan Paulino, who is also known as Sophie Paulino-Cadle, alleges that on or about July 11, 2016, she was assaulted by Defendant Correction Officer Taylor and that, as a result she sustained an "[a]brasion of [f]riction burn of the face without infection." (Amended Complaint, annexed to the Declaration of Cherie N. Brown [hereinafter "Brown Decl."] as "Exhibit B," at p. 3 of 4). Plaintiff filed her original Complaint in the United States District Court, Southern District of New York, on or about July 23, 2015, and filed an Amended Complaint on or about September 24, 2015. (Brown Decl. at ¶¶ 2-3).

On December 7, 2015, Defendants City, Ponte, and Stukes filed, and the Court granted, a motion for an extension of time to file a response to the Amended Complaint on the grounds that the New York City Department of Correction's investigation into the incident underlying the Amended Complaint was still pending, and accordingly, would be unable to 1) verify whether the officers named as defendants in the Amended Complaint were involved in the pending use of force investigation, or 2) determine representation under N.Y. GEN. MUN. LAW § 50-k. (Request for Enlargement by Defendants City of New York, Ponte, and Stukes dated December 7, 2015, annexed to the Brown Decl. as "Exhibit D" and Order dated December 8, 2015, annexed to the Brown Decl. as "Exhibit E"). Defendants City, Ponte, and Stukes also requested an extension of time to respond to Plaintiff's Local Rule 33.2 Interrogatories and Document Requests (hereinafter "Plaintiff's 33.2 Demands"), and the Court granted the relief sought. (Brown Decl. at ¶¶ 7 and 8).

On February 1, 2016, the Court granted Defendant City's request to stay this case for three months to allow for the resolution of the pending use of force investigation. (Order, dated February 1, 2016, annexed to the Brown Decl. as "Exhibit H"). Although the matter was stayed, on or about April 20, 2016, Plaintiff, moved to compel production of responses to

Plaintiff's 33.2 Demands. (Plaintiff's Letter dated April 20, 2016, annexed to the Brown Decl. as "Exhibit I"). On May 10, 2016, Defendants City, Ponte, and Stukes notified the Court that the New York City Department of Correction concluded its investigation, and accordingly, Plaintiff's motion should be denied as moot. (Defendants City, Ponte, and Stukes' Status Report, dated May 10, 2016, annexed to the Brown Decl. as "Exhibit J"). On June 27, 2016 Defendants filed an Answer to the Amended Complaint and, On July 11, 2016, served their responses to Plaintiff's 33.2 Demands. (See Letter and Declaration of Service, dated July 11, 2016, annexed to the Brown Decl. as "Exhibit K" and Brown Decl. ¶¶ 12-13).

Notwithstanding the fact that Defendants' responses to Plaintiff's 33.2 Demands were not due until July 11, 2016, on or about July 7, 2016, Plaintiff requested the Court subpoena the New York City Department of Correction to produce records Plaintiff had requested pursuant to the Freedom of Information Law. (Letter from Plaintiff, dated July 6, 2016, annexed to the Brown Decl. as "Exhibit L"). On or about July 15, 2016, a mere four days after Defendants provided their responses to Plaintiff's 33.2 Demands, Plaintiff requested, and the Court granted, a 90-day stay of the instant matter so that she could obtain legal representation and proceed with this litigation. (Letter from Plaintiff, dated July 15, 2016 annexed to the Brown Decl., as "Exhibit M" and So Ordered Letter from Plaintiff Jonathan Paulino, filed July 22, 2016, annexed to the Brown Decl., as "Exhibit N"). On October 4, 2016, Susan Hazeldean filed a notice of appearance and subsequently filed the instant motion to dismiss on November 9, 2016. (Brown Decl. at ¶¶ 16-17).

## ARGUMENT

Within the Second Circuit, "[t]wo lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper." *Camilli v. Grimes*, 436 F.3d 120, 123 (2d. Cir. 2006). The first line indicates that dismissal without

3

prejudice "would be improper if 'the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" *Id.* (quoting *Cone v. West Virginia Pulp & Paper Co.,* 330 U.S. 212, 217 (1947). A second line indicates that the test to determine whether an action should be dismissed without prejudice involves consideration of the following five factors under *Zangano v. Fordham Univ.*, 900 F.2d 12 (2d Cir. 1990): "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Camilli*, 436 F.3d at 123. Within the Second Circuit, however, the *Zangano* factors control where the moving party is seeking to have the unfettered opportunity to renew claims against the non-moving party. *See id.* Thus, the *Zangano* factors apply in the instant matter as plaintiff is seeking to have this matter dismissed without prejudice so that she may have the unfettered opportunity to re-file it in the same Court so that she is not subject to certain statutory limitations regarding attorneys' fees and damages. (*See generally*, Plaintiff's Memo. of Law).

### THE BALANCE OF ZANGANO FACTORS WEIGH IN FAVOR OF DENYING PLAINTIFF'S MOTION TO DISMISS

The Court should not allow dismissal of the instant action without prejudice because such a dismissal is prejudicial to Defendants. Under FED. R. CIV. P. 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Within the Second Circuit "[a] voluntary dismissal without prejudice under FED. R. CIV. P. 41(a)(2) will be allowed if the defendant will not be prejudiced thereby." *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996); *see also Mercer Tool Corp. v. Friedr. Dick*

4

*GmBH*, 175 F.R.D. 173, 175 (E.D.N.Y. 1997) ("The primary purpose of Rule 41(a)(2) is to protect the interest of the defendant.") Accordingly, an action should not be dismissed if defendant will be prejudiced thereby. *D'Alto*, 100 F.3d at 283; *Mercer Tool Corp*, 175 F.R.D. at 175.

As explained, *supra*, in determining whether to grant a plaintiff's motion to dismiss pursuant to FED. R. CIV. P. 41(a)(2), a district court should consider the five *Zangano* factors. Although these factors are relevant to the Court's determination of whether a case should be dismissed pursuant to FED. R. CIV. PI. 41(a)(2), "[t]hese factors are not necessarily exhaustive and no one of them, singly, or in combination with another, is dispositive." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011). Here, the balance of factors weighs in favor of denying plaintiff's request to dismiss the instant action without prejudice, as plaintiff's only explanation for requesting that the matter be dismissed be dismissed without prejudice is to allow her to re-file so that she may avoid limitations of the Prison Litigation Reform Act (hereinafter "PLRA"), and accordingly deprive Defendants of the ability to assert an affirmative defense or limit any potential liability pursuant to the PLRA.

In analyzing the first factor—whether plaintiff was diligent in bringing her motion—courts have focused on whether the moving party encouraged the non-moving party to continue discovery without intention of pursing its claims. *Shaw Family Archives, Ltd. V. CMG Worldwide, Inc.*, 05 CV 3939 (CM), 2008 U.S. Dist. LEXIS 67474, at *17 (S.D.N.Y. Sept. 2, 2008). In the instant matter, plaintiff purposely sought to obtain discovery from Defendants before seeking to stay the instant matter to obtain counsel. (*See* "Exhibits I and L" to Brown Decl.). Pursuant to their obligations under Local Rule 33.2, Defendants began discovery and timely responded to Plaintiff's 33.2 Demands, providing numerous documents relevant to the

5

claims and defenses in this action. (Exhibit K to Brown Decl.). As Plaintiff notes in her moving papers, extensions were requested, and this case was stayed in order for the New York City Department of Correction to complete a pending use of force investigation. (Plaintiff's Memo. of Law at 12). However, Plaintiff chose to wait until July 15, 2016, almost immediately after receiving the discovery she had been demanding while the matter was stayed, to request a 90-day stay of the action. ("Exhibit M" to Brown Decl.). In her July 15, 2016 letter, plaintiff indicated to the Court and Defendants that a legal team at the Urban Justice Center, Peter Cicchino Youth Project had been "reviewing [her] case for the last couple of weeks" and requested additional time to obtain representation. ("Exhibit M" to Brown Decl. at p. 1-2.). Accordingly, Defendants relied on Plaintiff's representations and reasonably believed that once Plaintiff obtained counsel, she would proceed with the action. However, instead of continuing the action, plaintiff chose to move to dismiss without prejudice. Thus, Plaintiff was not diligent in bringing her motion to dismiss without prejudice, and accordingly, this factor weighs in favor of Defendants.

The second factor—whether Plaintiff was unduly vexatious in pursuing her motion—also weighs heavily in favor of Defendants. To determine "undue vexatiousness" courts within this District consider whether the moving party had ill-motive. *See In re Bank of Am. Mortg. Servicing Shareholder Derivative Litig.*, 11 CV 2475 (WHP), 2012 U.S. Dist. LEXIS 60458, at *7 (S.D.N.Y. Apr. 4 2012); *Shaw Family Archives, Ltd. V. CMG Worldwide, Inc.,* 05 CV 3939 (CM). 2008 U.S. Dist. LEXIS 67474, at *6 (S.D.N.Y. Sept. 2, 2008). Courts have found ill motive where "plaintiff have assured the court and defendants that they intended to pursue their claims prior to seeking a dismissal." *In re Bank Am. Mortg.* 2012 U.S. Dist. LEXIS 60458, at *7.

Here, Plaintiff assured both the Court and Defendants that she intended to pursue her claims, and then immediately sought to have the matter dismissed without prejudice. Plaintiff filed a letter with the Court indicating that she wished to have the action stayed for three months for the purposes of seeking counsel to continue litigation. (See "Exhibit M" to Brown Decl.) However, after assuring both the Court and Defendants that she intended to continue the action, after finding counsel, Plaintiff moved to dismiss this action without prejudice. Plaintiff concedes that she wholly intends to re-file the matter in the same Court, so that she may deprive Defendants of their ability to assert any possible defense under the PLRA, and ensure that her claims are not subject to any limitations of the PLRA. Indeed, in light of the procedural history of this litigation and Plaintiff's own admissions, Plaintiff's pursuit of her motion to dismiss is unduly vexatious, and accordingly, plaintiff's motion to dismiss should be denied.

Further, the third factor—whether this action has progressed to a prejudicial point—weighs in favor of Defendants. Plaintiff asserts that her motion should be granted and Defendants will not be prejudiced because the parties have not successfully completed discovery; however, although this is relevant, it is not the most important inquiry when deciding a motion to dismiss without prejudice. *See SEC v. Compania Internacaional Financiera* 11 CV 4904 (JPO), 2012 U.S. Dist LEXIS 71552, at *7 (S.D.N.Y. May 22, 2012) ("The most important inquiry remains whether the defendant will suffer substantial prejudice as a result of a dismissal without prejudice."). Defendants recognize that this matter is in the early stages of discovery, however, this is not dispositive as factors four and five—the duplicative expense of relitigation and whether Plaintiff has presented an adequate explanation for dismissal—also weigh in favor of denying Plaintiff's motion to dismiss without prejudice.

Plaintiff admits that her sole reason for seeking to withdraw her case without prejudice is so that she may re-file to avoid the limitations of the PLRA. (Plaintiff's Memo. Of Law at 14). Due to the allegations in the Amended Complaint, Defendants have asserted an affirmative defense(s) pursuant to the PLRA, as the PLRA is applicable in prisoner lawsuits concerning "prison life, whether they involve general circumstances or particular episodes, and whether they allege *excessive force* or some other wrong." *Johnson v. City of New York* 09 CV 4685 (PGG), 2011 U.S. Dist. LEXIS 28167 at *27 (S.D.N.Y. Mar. 18, 2011) (internal citations omitted). Assuming *arguendo* Plaintiff's claims survive a motion for summary judgment, and plaintiff is successful at trial, Defendants' liability for attorneys' fees will be directly proportional to the success of Plaintiff's claims and will be statutorily limited. *See Morris v. Eversley* 343 F. Supp. 2d 234, 239 (S.D.N.Y. 2004). Plaintiff seeks to legally prejudice Defendants by denying them a potential statutory affirmative defense. In addition to expending the resources to engage in duplicative litigation, if this matter is dismissed without prejudice, Defendants risk increased liability if plaintiff is successful in the event this matter goes to trial. Thus, Plaintiff's argument for dismissal is inherently prejudicial to Defendants and solely focused on potential compensation for her attorneys.

Further, the Court will not be able to dismiss this action without prejudice in a way that will grant Plaintiff the relief she seeks and prevent prejudice to Defendants. Under FED. R. CIV. P. 41(a)(2) an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. *See* FED. R. CIV. P. 41(a)(2) (2016). A dismissal without prejudice may only be granted "if defendants will not be unduly prejudiced, and then only on terms and conditions that protect defendants from any unfairness." *Ames v. Clifford*, 94 CV 6712 (JSM), 1996 U.S. Dist. LEXIS 14565, at *2

(S.D.N.Y. Oct. 2, 1996); *see also Gap, Inc. v. Stone Int'l Trading*, 169 F.R.D. 584, 588 (S.D.N.Y. 1997). Because Plaintiff's sole reason for wishing to dismiss this action without prejudice is to avoid the statutory limitations of the PLRA, the Court cannot fashion terms or conditions that would allow for dismissal while protecting Defendants from any unfairness and prejudice. Accordingly, Plaintiff's motion to dismiss without prejudice should be denied.

## CONCLUSION

For the foregoing reasons, defendants City of New York, New York City Department of Correction Commissioner Joseph Ponte, OBCC Warden Stukes, Captain Stevens, and Correction Officer Taylor respectfully request that the Court deny Plaintiff's Motion to Dismiss, and grant such further relief as the Court deems just and proper.

Dated: New York, New York
December 7, 2016

ZACHARY W. CARTER
Corporation Counsel of the
  City of New York
*Attorney for Defendants City, Ponte, Stukes, Stevens, and Taylor*
100 Church Street
New York, New York 10007
(212) 356-5054

By:     /s/
Cherie N. Brown, Esq.
*Assistant Corporation Counsel*
Special Federal Litigation Division

To: Susan Hazeldean, Esq.
BLS Legal Services Corp., LGBT Advocacy Clinic
Brooklyn Law School
250 Joralemon Street
Brooklyn, NY 11201
Susan.hazeldean@brooklaw.edu
(718) 780-7575

9

15 CV 5869 (RWS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN L. PAULINO,

                                                 Plaintiff(s),

-against-

CORRECTION OFFICER TAYLOR, CAPTAIN STEVENS, DEPARTMENT OF CORRECTION COMMISSIONER JOSEPH PONTE, OBCC FACILITY WARDEN STUKES, and THE CITY OF NEW YORK,

                                                 Defendant(s).

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
   *Attorney for Defendants City, Ponte, Stukes, Stevens and Taylor*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Cherie N. Brown*
*Tel: (212) 356-5054*
*Matter #.: 2015-042637*

*Due and timely service is hereby admitted.*

*New York, N.Y. ................................................., 20…...*

*..............................................................................., Esq.*

*Attorney for .....................................................................*